

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00314-CR

———————————————————

RICKY DALE COBB, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1654165

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

A jury convicted Appellant Ricky Dale Cobb of one count of continuous sexual abuse of a young child, *see* Tex. Penal Code Ann. § 21.02(b), and one count of indecency with a child by contact, *see id.* § 21.11(a)(1), and assessed his punishment at twenty-five years' imprisonment on the continuous sexual abuse count and two years' imprisonment on the indecency count. The trial court sentenced Appellant accordingly, and he timely filed an appeal.[1]

### II. BACKGROUND

Appellant's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appellate relief. *Id.*, 87 S. Ct. at 1400. Appellant's counsel provided him with a copy of the *Anders* brief

---

[1]We initially questioned our jurisdiction over this case because we had not received a copy of Appellant's notice of appeal, and according to Appellant's counsel, "no Notice of Appeal could be located" in the clerk's records. We therefore abated the appeal and remanded this case to the trial court, which conducted a hearing and found that Appellant had timely filed a notice of appeal on July 28, 2023, the day his sentence was imposed in open court. *See* Tex. R. App. P. 26.2(a)(1). Because a timely tendered notice of appeal vests this court with jurisdiction even if the notice is subsequently misplaced due to a clerical error, *Stansberry v. State*, 239 S.W.3d 260, 263–64 (Tex. Crim. App. 2007), we reinstated the appeal.

and his motion to withdraw, notified Appellant of his right to file a pro se response

and to file a petition for discretionary review in the Court of Criminal Appeals, and

provided him with a form motion to access the appellate record. Appellant obtained

a copy of the record and filed a response, but it provides no arguable grounds for

appeal.[2] The State filed a letter stating that it agreed with Appellant's counsel and that

it would not reply to the *Anders* brief.

### III. DISCUSSION

After an appellant's court-appointed counsel files a motion to withdraw on the

ground that an appeal is frivolous and fulfills the *Anders* requirements, we must

independently examine the record for any arguable ground that may be raised on his

behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then

---

[2]Appellant filed two separate documents, both entitled "Pro se Mandamus," with this court. In these documents, he mostly complains about his appellate counsel and requests that this court appoint him new counsel. He makes some statements— including, "I was not [l]awfully [d]efended," and, "I am appealing on grounds not yet fully addressed, defined, [or] described"—that could be read as appellate contentions. However, he fails to support these general contentions with any argument or "appropriate citations to authorities and to the record." *See* Tex. R. App. P. 38.1(i). We hold a pro se appellant to the same standards as a licensed attorney, *Carte v. State*, No. 2-03-324-CR, 2004 WL 1636010, at *2 (Tex. App.—Fort Worth July 22, 2004, no pet.) (per curiam) (mem. op., not designated for publication), and Appellant's pro se filings wholly fail to comply with the requirements of an appellant's brief listed in Texas Rule of Appellate Procedure 38.1. Further, because we grant his counsel's motion to withdraw, we deny Appellant's requested mandamus relief as moot. *See Adams v. State*, No. 02-15-00056-CR, 2015 WL 6555550, at *1 (Tex. App.—Fort Worth Oct. 29, 2015, pet. ref'd) (mem. op., not designated for publication).

may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have fulfilled our duty to independently examine the record.  After reviewing the appellate record, the *Anders* brief, and Appellant's pro se responses, we have determined that the appeal is wholly frivolous and without merit.  Our independent review reveals nothing that might arguably support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Therefore, we grant counsel's motion to withdraw and affirm the trial court's judgment.

## IV.  CONCLUSION

The judgment of the trial court is affirmed.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 27, 2025